**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **KELVIN BRASFIELD,** | ) | |
| c/o Cornerstone Law Firm | ) | |
| 8350 N. St. Clair Ave, #225 | ) | |
| Kansas City, MO 64151 | ) | |
| | ) | Case No. _____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REQUEST FOR JURY TRIAL** |
| | ) | |
| **ANTES CONCRETE, INC.** | ) | |
| *30914 W. 119 Street* | ) | |
| *Olathe, KS 66061* | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff Kelvin Brasfield, by and through his attorneys, and for his cause of action against Defendant Antes Concrete, Inc. alleges as follows:

**Parties and Jurisdiction**

1. This is an employment case based upon Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.* ("Title VII") and 42 U.S.C. § 1981.

2. Plaintiff Kelvin Brasfield is an African American citizen of the United States, residing in Kansas City, Jackson County, Missouri.

3. Defendant Antes Concrete, Inc. ("Antes") is and was at all relevant times a for-profit corporation organized under the laws of Kansas, and active and in good standing in the state of Kansas.

4. Antes conducts substantial and continuous business in the state of Kansas.

5. Antes conducts substantial and continuous business outside the state of Kansas.

1

6.  Antes was engaged in interstate commerce in that it conducts business in multiple states across the United States.

7.  Antes' annual gross volume of sales made, or business done is not less than $500,000.00.

8.  At all times relevant, Antes operated a facility at 30914 W 119th St. Olathe, KS 66061.

9.  At all times relevant, Antes employed approximately 25 employees at its Kansas City, Kansas location.

10. Antes is an employer within the meaning of Title VII.

11. Antes is an employer within the meaning of the Kansas Minimum Wage Maximum Hour Law, Kan. Stat. Ann. §§ 44-1201, et seq.

12. Antes is an employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq.

13. This court has personal jurisdiction over Antes.

14. Jurisdiction is proper in the District of Kansas pursuant to 28 U.S.C. § 1331 because some or all of Plaintiff's claims arise under the laws of the United States. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for Plaintiff's claims under the Kansas Wage Payment Act, K.S.A. § 44-313, *et seq.* ("KWPA") and the Kansas Minimum Wages and Maximum Hours law, K.S.A. § 44-1201 *et seq*. ("KMWMH") because the all claims arises out of the same common nucleus of operative facts as Plaintiff's FLSA and discrimination claims.

15. Venue is proper in the District of Kansas pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the alleged discriminatory conduct described herein, including but not limited to Plaintiff's wrongful termination, occurred in this District.

**Administrative Procedures**

16. On or about April 10, 2019, Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), alleging race discrimination and retaliation against Antes (attached as *Exhibit 1* and incorporated herein by reference).

17. On October 23, 2019, the EEOC issued to Plaintiff a Notice of Right to Sue (attached as *Exhibit 2* and incorporated herein by reference).

18. This lawsuit is filed within 90 days of the EEOC's issuance of Plaintiff's Notice of Right to Sue.

19. The aforesaid charge of discrimination provided the EEOC sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be and is as broad as the scope of an EEOC investigation, which could reasonably be expected to have grown out of the charge of discrimination.

20. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

21. This Complaint is filed within the applicable statute of limitations.

**Additional Factual Allegations**

22. On or about March 2017, Plaintiff began his employment with Antes as a Finisher Foreman.

23. During Plaintiff's employment with Respondent, Plaintiff was the only African American on the crew

24. Plaintiff was subjected to racial slurs, offensive jokes, drawings and other conduct on a daily basis.

25. For example, there were writings in our portable bathroom that read "Niggers Suck"; "Your girl loves my Nazi balls"; "All Mexicans are gay"; and "P.A.W.G. [Phat Ass White Girl, according to Urban Dictionary] takes to BBC [Big Black Cocks, also from urban dictionary] while husband watches, among others.

26. Plaintiff protested the conduct every time it happened by complaining to supervisors and the owners of the company.

27. Plaintiff frequently complained to his foreman, Brandon, about the constant offensive racial comments.

28. However, Brandon, who is Caucasian, would engage in the conduct himself.  For example, his greeting for Plaintiff daily was "what's up my nigger?", even after Plaintiff repeatedly requested that he stop referring to him as "Nigger".

29. Brandon frequently told offensive jokes about African Americans while in the presence of the company owners, Leo Antes and Robert (last name unknown).

30. Leo and Robert would laugh at the jokes, such as: "what do you call 100 black guys at the bottom of a river? A good start!"); and "why are you at work today Kelvin, isn't this your holiday?" referring to the day after Thanksgiving or "black Friday".

31. They continued to tell jokes like this despite Plaintiff's repeated protests and complaints about the "jokes".

32. While Plaintiff's complaints about the environment went ignored, Plaintiff suffered retaliation after making the complaints. For example, after Plaintiff's complaints he was to worked harder than other members of the crew. Plaintiff wasn't permitted to take breaks like the others. Plaintiff was yelled at, talked down to, cursed out and was excluded/segregated from group events.

33. Plaintiff's supervisors would frequently call his wife a bitch or a ho.  They said they did this because that's how they thought African American men referred to their spouses and significant others.

34. Plaintiff told them to stop referring to his wife as a bitch or a ho as it was disrespectful, offensive and inappropriate.  Despite Plaintiff's protests, the behavior never stopped, and Plaintiff was ultimately constructively discharged because of the hostile work environment, in which he was working.

35. In or around November or December of 2018, Plaintiff broke a piece of glass in a door while operating a piece of equipment. Plaintiff's supervisors were enraged. Plaintiff apologized for the error and asked if they had insurance for the loss.  Plaintiff was told they didn't.

36. For three months after the incident, Plaintiff was paid his regular wages in accordance with his hours worked.

37. However, once Plaintiff was constructively discharged, Plaintiff did not receive his final paycheck which included 32.5 hours of owed time.

38.  Plaintiff called Robert to inquire into the status of his paycheck and was told "that is between [Plaintiff] and Leo".

39. Plaintiff is still owed approximately $812.50, while the cost of the door was only $200.00.

40. Plaintiff believes his race played a role in Respondent refusing to pay him.

41. Plaintiff is aware of a Caucasian male who wrecked a company truck but did not get charged for it.

42. In refusing to pay Plaintiff's final paycheck, Respondent has violated his rights under Kansas law and the Fair Labor Standards Act.

206b46ed10a9ea90

## COUNT I

**Violation under 42 U.S.C. §§ 2000e *et seq.*
Race Discrimination—Hostile Work Environment**

43. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in all paragraphs above as though set out fully herein.

44. Plaintiff is a member of a protected class because he is African American.

45. During Plaintiff's employment, Antes, by and through its agents and employees, engaged in a pattern and practice of intentional discrimination and harassment of Plaintiff based on his race.

46. At all times mentioned herein, before and after, the above described perpetrators were agents, servants, and employees of Antes, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Antes, thus making Antes liable for said actions under the doctrine *respondeat superior*.

47. The harassment and discrimination had the purpose and effect of unreasonably interfering with Plaintiff's work performance, thereby creating an intimidating, hostile, and offensive working environment.

48. Antes subjected Plaintiff to severe and pervasive race discrimination, including making derogatory comments regarding his race and treating Plaintiff less favorably than Caucasian employees.

49. The actions and conduct of Antes' employees and representatives acting within the course and scope of their employment created an intimidating, hostile, and offensive working environment and thereby detrimentally affected Plaintiff.

50. The conduct described herein would have offended a reasonable person of the same race in Plaintiff's position.

51. Management level employees of Antes knew or should have known of the racial discrimination and harassment herein but failed to take appropriate action to address the discrimination, and further failed to implement effective and appropriate procedures to stop and remedy the racial discrimination and harassment.

52. By failing to conduct a prompt investigation of Plaintiff's allegations of race discrimination and harassment, Antes exacerbated the discriminatory and hostile work environment to which Plaintiff was subjected.

53. Plaintiff's status as an African American was at least a motivating factor in the hostile work environment to which Antes subjected Plaintiff.

54. Antes failed to make good faith efforts to establish and enforce policies to prevent the discriminatory and hostile work environment against its employees, including race discrimination.

55. Antes failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under the civil rights laws, including Title VII.

56. As a direct and proximate result of the Antes' actions and/or omissions, Plaintiff has been deprived income, as well as other monetary and non-monetary benefits.

57. As a direct and proximate result of Antes' actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

58. By failing to take prompt and effective remedial action, Antes, in effect, condoned, ratified, and/or authorized discrimination against Plaintiff.

59. Antes' conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Antes or to deter Antes and other employers from like conduct in the future.

60. Pursuant to the provisions of Title VII, Plaintiff is entitled to recover reasonable attorneys' fees from Antes.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Antes for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such and further legal and equitable relief as the Court deems just and proper.

### COUNT II
**Violation under 42 U.S.C. §§ 2000e *et seq.***
**Race Discrimination—Constructive Discharge**

61. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in all paragraphs above as though set out fully herein.

62. Plaintiff is a member of a protected class because he is African American.

63. Antes constructively discharged Plaintiff's employment.

64. Plaintiff's race was at least a motivating factor in Plaintiff's decision to be constructively discharged.

65. At all times mentioned herein, before and after, the above described perpetrators were agents, servants, and employees of Antes, and were at all such times acting within the scope

and course of their agency and employment, and/or their actions were expressly authorized or ratified by Antes, thus making Antes liable for said actions under the doctrine *respondeat superior*.

66. Antes failed to make good faith efforts to establish and enforce policies to address and prevent illegal discrimination against its employees.

67. Antes failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including Title VII.

68. As shown by the foregoing, as a result of his race, Plaintiff suffered intentional discrimination at the hands of the Antes in violation of Title VII.

69. As a direct and proximate result of the Antes' actions and/or omissions, Plaintiff has been deprived income, as well as other monetary and non-monetary benefits.

70. As a direct and proximate result of Antes' actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

71. By failing to take prompt and effective remedial action, Antes, in effect, condoned, ratified, and/or authorized discrimination against Plaintiff.

72. Antes' conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Antes or to deter Antes and other employers from like conduct in the future.

73. Pursuant to the provisions of Title VII, Plaintiff is entitled to recover reasonable attorneys' fees from Antes.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Antes for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such and further legal and equitable relief as the Court deems just and proper.

**COUNT III**
**Violation under 42 U.S.C. §§ 2000e** *et seq.*
**Retaliation**

74. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in all paragraphs above as though set out fully herein.

75. Plaintiff made multiple good faith reports of race discrimination during his employment.

76. By making multiple good faith reports of race discrimination in the workplace, Plaintiff engaged in protected activities during his employment.

77. A causal connection existed between Plaintiff's good faith reports of race discrimination and Antes' decision to terminate Plaintiff's employment.

78. Plaintiff's good faith reports of race discrimination were at least a motivating factor in Defendant's termination of Plaintiff.

79. At all times mentioned herein, before and after, the above described perpetrators were agents, servants, and employees of Antes, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Antes, thus making Antes liable for said actions under the doctrine *respondeat superior*.

80. Antes failed to make good faith efforts to establish and enforce policies to address and prevent illegal discrimination and retaliation against its employees.

81. Antes failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including Title VII.

82. As shown by the foregoing, as a result of his good faith report(s) of race discrimination, Plaintiff suffered intentional discrimination at the hands of the Antes in violation of Title VII.

83. As a direct and proximate result of the Antes' actions and/or omissions, Plaintiff has been deprived income, as well as other monetary and non-monetary benefits.

84. As a direct and proximate result of Antes' actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

85. By failing to take prompt and effective remedial action, Antes, in effect, condoned, ratified, and/or authorized discrimination and retaliation against Plaintiff.

86. Antes' conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Antes or to deter Antes and other employers from like conduct in the future.

87. Pursuant to the provisions of Title VII, Plaintiff is entitled to recover reasonable attorneys' fees from Antes.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Antes for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety

emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such and further legal and equitable relief as the Court deems just and proper.

### COUNT IV
### Violation under 42 U.S.C. § 1981
### Race Discrimination

88. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in all paragraphs above as though set out fully herein.

89. Plaintiff is a member of a protected class because he is African American.

90. Antes discriminated against Plaintiff during his employment.

91. Plaintiff's race was at least a motivating factor in Antes' decision to discriminate against Plaintiff during this employment.

92. At all times mentioned herein, before and after, the above described perpetrators were agents, servants, and employees of Antes, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Antes, thus making Antes liable for said actions under the doctrine *respondeat superior*.

93. Antes failed to make good faith efforts to establish and enforce policies to address and prevent illegal discrimination against its employees.

94. Antes failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including 42 U.S.C. § 1981.

95. As shown by the foregoing, as a result of his race, Plaintiff suffered intentional discrimination at the hands of the Antes in violation of 42 U.S.C. § 1981.

96. As a direct and proximate result of the Antes' actions and/or omissions, Plaintiff has been deprived income, as well as other monetary and non-monetary benefits.

97. As a direct and proximate result of Antes' actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

98. By failing to take prompt and effective remedial action, Antes, in effect, condoned, ratified, and/or authorized discrimination against Plaintiff.

99. Antes' conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Antes or to deter Antes and other employers from like conduct in the future.

100. Pursuant to the provisions of 42 U.S.C. § 1981, Plaintiff is entitled to recover reasonable attorneys' fees from Antes.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Antes for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such and further legal and equitable relief as the Court deems just and proper.

## <u>COUNT V</u>
### Violation under 42 U.S.C. § 1981
### Retaliation

101.  Plaintiff hereby re-alleges and incorporates by reference the allegations contained in all paragraphs above as though set out fully herein.

102.  Plaintiff made multiple good faith reports of discrimination during his employment.

103.  By making good faith reports of race discrimination in the workplace, Plaintiff engaged in protected activities during his employment.

104.    A causal connection existed between Plaintiff's good faith reports of race discrimination and Antes' decision to terminate Plaintiff's employment. Plaintiff's good faith reports about race discrimination were motivating factors in the Defendant's decision to terminate Plaintiff.

105.  At all times mentioned herein, before and after, the above described perpetrators were agents, servants, and employees of Antes, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Antes, thus making Antes liable for said actions under the doctrine respondeat superior.

106.  Antes failed to make good faith efforts to establish and enforce policies to address and prevent illegal discrimination and retaliation against its employees.

107.  Antes failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including 42 U.S.C. § 1981.

108.  As shown by the foregoing, as a result of his race, Plaintiff suffered intentional discrimination at the hands of Antes in violation of 42 U.S.C. § 1981.

109. As a direct and proximate result of the Antes' actions and/or omissions, Plaintiff has been deprived income, as well as other monetary and non-monetary benefits.

110. As a direct and proximate result of Antes' actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

111. By failing to take prompt and effective remedial action, Antes, in effect, condoned, ratified, and/or authorized discrimination against Plaintiff.

112. Antes' conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Antes or to deter Antes and other employers from like conduct in the future.

113. Pursuant to the provisions of 42 U.S.C. § 1981, Plaintiff is entitled to recover reasonable attorneys' fees from Antes.

<u>**COUNT VI**</u>
<u>**FLSA CLAIM – 29 U.S.C. §§ 201, et seq.**</u>

114. Plaintiff re-alleges and incorporates by reference each and every allegation and averment set forth above as though fully set forth herein.

115. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

116. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a); 29 U.S.C. §207(a)(1).

117.      Defendant is subject to the minimum wage requirements of the FLSA because they are enterprises engaged in interstate commerce and their employees are engaged in commerce.

118.      Defendant provided construction services in Kansas and Missouri.

119.      Defendant serviced and accepted payment from clients that were non-Kansas residents, including, but not limited, to Missouri residents.

120.      Defendant has an annual gross volume of business in excess of $500,000.

121.      At all relevant times to this action, Defendant was the "employer[s]" of Plaintiff within the meaning of the FLSA. 29 U.S.C. §203(d).

122.      At all times relevant to this action, Plaintiff was Defendant's "employee" within the meaning of the FLSA. 29 U.S.C. §203(e).

123.      Plaintiff is a covered, non-exempt employee within the meaning of the FLSA. Accordingly, Plaintiff must be paid minimum wage in accordance with 29 U.S.C. §206.

124.      Although the FLSA contains some exceptions (or exemptions) from the minimum wage and overtime requirements, none of those exceptions (or exemptions) applies here.

125.      Defendant violated the FLSA by failing to pay Plaintiff for all compensable hours worked at the legal and applicable wage rates for all hours worked in a workweek.

126.      Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages as described by Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants acted in good faith or with

reasonable grounds in failing to pay minimum wage and overtime compensation, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

127.    Plaintiff seeks damages in the amount of all respective unpaid minimum wages, plus liquidated damages, as provided by the FLSA, 29 U.S.C. §216(b), and such other legal and equitable relief as the Court deems just and proper.

128.    Plaintiffs seeks recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully seeks an award of damages for unpaid minimum wages and overtime wages due for Plaintiff; an award of liquidated damages, to be paid by Defendant; an award of pre-judgment and post-judgment interest, as provided by law; an award of costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and any and all such other and further relief as this Court deems necessary, just and proper.

## COUNT VII – UNJUST ENRICHMENT

129.    Plaintiff re-alleges and incorporates by reference each and every allegation and averment set forth above as though fully set forth herein.

130.    Defendant has been and is being enriched by making deficient payments for work performed by Plaintiff. Defendant has been and is being enriched at the expense of Plaintiff because Plaintiff was not properly compensated for his work.

131.    Defendant intentionally refused to pay Plaintiff at the proper rate for minimum hours worked. Defendant knew or should known the proper rate of pay for Plaintiff as all persons are presumed to know and are bound to take notice of general public laws of the country or state where they reside as well as the legal effect of their acts. *See Hazlett v.*

*Motor Vehicle Department*, 195 Kan. 439, 442, 407 P.2d 551 (1965). Such wrongful conduct demonstrates bad faith on the part of Defendants.

132.     Defendant was aware or should have been aware that it was receiving the benefit of this unpaid work at the time the work was being performed and accepted and retained that benefit without paying fair compensation for the same.

133.     It is unjust for Defendant to retain the benefits from the unpaid work performed by Plaintiff.

WHEREFORE, Plaintiff seeks a Court Order for Defendant to disgorge the value of its ill-gained benefits to Plaintiff; an award of pre-judgment and post-judgment interest as provided by law; and for such other orders and further relief, including an award of costs and attorney's fees, as this Court deems just and equitable.

## COUNT VIII – QUANTUM MERUIT

134.     Plaintiff re-alleges and incorporates by reference each and every allegation and averment set forth above as though fully set forth herein.

135.     At Defendant's request, Plaintiff provided services in the form of work for Defendant.

136.     Services performed by Plaintiff had certain and reasonable value of their agreed upon hourly wage.

137.     Plaintiff demanded to be paid for the reasonable value of the services he performed on Defendant's behalf.

138.     Defendant refused and failed to compensate Plaintiff the reasonable value of these services performed on Defendant's behalf after Plaintiff's demand for compensation.

WHEREFORE, Plaintiff seeks a Court Order for Defendant to disgorge the value of its ill-gained benefits to Plaintiff; an award of pre-judgment and post-judgment interest as provided by law; and for such other orders and further relief, including an award of costs and attorney's fees, as this Court deems just and equitable.

## COUNT IX – WILLFUL VIOLATION OF THE KANSAS WAGE PAYMENT ACT ("KWPA")

139.      Plaintiff re-alleges and incorporates by reference each and every allegation and averment set forth above as though fully set forth herein.

140.      At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the KWPA, K.S.A. § 44-313, *et seq*.

141.      At all relevant times, Defendant has and will continue to be, an "employer" within the meaning of the KWPA, K.S.A. §§ 44-313(a).

142.      At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]" within the meaning of the KWPA § 44-313(b), including the Plaintiff.

143.      Plaintiff brings a claim for Defendants' violations of the KWPA, K.S.A. § 44-313, *et seq*.

144.      Defendant refused and failed to compensate Plaintiff the reasonable value of these services performed on Defendant's behalf after Plaintiffs' demand for compensation.

145.      At all relevant times, Defendant has had a policy and practice of failing to compensate and inappropriately deducting monies from their employees' compensation, including Plaintiff's, in violation of the KWPA, K.S.A. § 44-319(a).

146.      Defendant has violated, and continues to violate, the KWPA.

147.     Such deduction of monies from the compensation of Plaintiff constitutes a willful violation of the KWPA, including § 44-314(a) and § 44-319(a), because such deductions and failure to compensate clearly benefit the Defendant as the employer and cause a detriment upon the Plaintiff.

148.     Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the KWPA. Defendant knew or should know the proper amount to pay Plaintiff as all persons are presumed to know and are bound to take notice of general public laws of the country or state where they reside as well as the legal effect of their acts. *See Hazlett v. Motor Vehicle Department*, 195 Kan. 439, 442, 407 P.2d 551 (1965). Such wrongful conduct demonstrates bad faith on the part of Defendants.

149.     Plaintiff seeks damages in the amount of all respective wages for work performed, plus a penalty in the amount of one percent (1%) of the unpaid wages for each day or in an amount equal to the unpaid wages, as provided by the KWPA, § 44-315(b), and such other legal and equitable relief as the Court deems just and proper.

WHEREFORE, Plaintiffs respectfully request the Court's Order ordering that judgment be entered herein against Defendants in the amounts respectively due to Plaintiff for unpaid compensation and penalties; An award of pre-judgment and post-judgment interest as provided by law; plus a penalty in the amount of one percent (1%) of the unpaid wages for each day or in an amount equal to the unpaid wages,  and for such other orders and further relief, including an award of costs and attorney's fees, as this Court deems just and equitable.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Antes for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for

equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such and further legal and equitable relief as the Court deems just and proper.

## Demand for Jury Trial and Designation of Place of Trial

Plaintiff requests a trial by jury in Kansas City, Kansas, on all counts and allegations of wrongful conduct alleged in this Complaint.

Respectfully Submitted,

CORNERSTONE LAW FIRM

By: */s/ Marc N. Middleton*
Marc N. Middleton        KS #24458
m.middleton@cornerstonefirm.com
Ryan Paulus            KS#78276
r.paulus@cornerstonefirm.com
8350 N. St. Clair Ave., Ste. 225
Kansas City, Missouri 64151
Telephone            (816) 581-4040
Facsimile            (816) 741-8889

ATTORNEYS FOR PLAINTIFF